Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4069 | **DATE** | 2/27/2002 |
| **CASE TITLE** | Staple vs. Ameritech Mobile Communications Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Before the court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Defendant's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 2 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | date mailed notice | |
| | | | mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

FEB 2 8 2002

TAMELA STAPLE; PATRICIA )
HOUSTON; LORELEI GOODMAN; )
HOLLY KURTZ and JUANITA ODOMS )
)
Plaintiffs, )
) No. 00 C 4069
v. )
) HONORABLE CHARLES R. NORGLE
)
AMERITECH MOBILE )
COMMUNICATIONS, INC. a subsidiary of )
AMERITECH CORPORATION, and )
AMERITECH MANAGEMENT )
SEPARATION BENEFIT PLAN )
)
Defendants. )

**OPINION AND ORDER**

**Charles R. Norgle, Sr., District Judge**

Before the court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Defendant's motion is granted.

I.     **BACKGROUND**[1]

In the fall of 1998, Defendant, Ameritech Mobile Communications Inc. ("Ameritech"), began a period of reorganization, during which the positions of Business Account Representative and Account Executive were eliminated. Plaintiffs, Tamela Staple, Patricia Houston, Lorelei Goodman, Holly Kurtz and Juanita Odoms[2], were working for Ameritech as Business Account Representatives

---

[1] The facts are taken from the pleadings submitted by the parties and any disputed issues are noted in the text.

[2] For clarity, the court will refer to Tamela Staple, Patricia Houston, Lorelei Goodman, Holly Kurtz and Juanita Odoms collectively as Plaintiffs unless s situation is unique to a specific Plaintiff.



and Account Executives. On March 16, 1999, Plaintiffs were notified that Ameritech was eliminating their positions. Plaintiffs were informed that the two positions they held were being combined into one, called Business Account Support Representatives ("BASR"). The new position, however, was at a higher pay level, 10, than Plaintiffs existing pay level, 8.

Plaintiffs were given a notice package that included a two page document called "Tier E Q&A," which outlined several areas of Ameritech's Separation Benefit Plan ("Plan") and what the requirements were for eligibility, and a toll free number for Plaintiffs to contact if they had any questions regarding their eligibility for severance benefits. In pertinent part, the "Tier E Q&A" document stated:

> **If I'm offered a position and turn it down, will I still be eligible for severance?**
> If you are offered a lateral position or promotion with Ameritech that does not require relocation and you choose not to stay with the organization, you would not be eligible for a severance package. If you are offered a position that would mean a demotion and/or relocation and you choose not to take it, you may be eligible for severance in accordance with the plan.

(See Pls.' Local Rule 56.1(b) Resp. Statement, Ex. 4.) The Plan language primarily tracks the language in the "Tier E Q&A" document. The Plan states that if an employee, loses his or her position in the company they will be offered a severance package, unless they are offered another position at the same salary grade or its equivalent without having to relocate.

Under Ameritech's reorganization, Plaintiffs were given the opportunity to apply for the new pay level 10 BASR position, transfer to a different position (at the existing pay level, 8), or be let go. If Plaintiffs were let go they would be given a severance package. If Plaintiffs were offered another position and refused, they would be let go without a severance package.

2

Only one Plaintiff, Odom, applied for the new BASR position, but she was not given the position. On April 27, 1999, all of the Plaintiffs, except Kurtz, had exit interviews with Ameritech. During the exit interviews Ameritech offered each Plaintiff a position as either a Payment Services Consultant ("PSC") or Customer Service Consultant ("CSC"), with a pay grade of 8. Each Plaintiff refused Ameritech's offer. On April 30, 1999, Kurtz had her exit interview with Ameritech, at which time she was also offered the PSC and CSC positions. Kurtz also turned down the positions. After April 30, 1999, Plaintiffs employment with Ameritech ended. Severance benefits were not paid.

Ameritech denied Plaintiffs' severance because each Plaintiff turned down the positions of PSC and CSC during their respective exit interviews. Ameritech asserts that by the express terms of the Plan, Plaintiffs are not eligible for any severance payments. Plaintiffs appealed Ameritech's denial of benefits to the SBC Benefit Plan Committee ("Committee"). The Committee denied Plaintiffs' appeal based on the claims administrator's interpretation of the plan.

Plaintiffs, unsatisfied with the Committee's determination, have filed suit in an attempt to obtain severance benefits. Ameritech now moves for summary judgment in accordance with Federal Rule of Civil Procedure 56, arguing that under the plain terms of the Plan, Plaintiffs are not entitled to severance benefits.

## II. DISCUSSION

### A. Summary Judgment Standards:

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more

3

than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999); see also Shank v. William R. Hague, Inc., 192 F.3d 675, 682 (7th Cir. 1999) (stating that a party opposing summary judgment must present "what evidence it has that would convince a trier of fact to accept its version of events"). A defendant is entitled to put the plaintiff to his proofs and demand a showing of the evidence. See e.g. Navarro v. Fuji Heavy Industries, Ltd., 117 F.3d 1027, 1030 (7th Cir. 1997). If the plaintiff fails to come up with the required proof, the defendant is entitled to summary judgment. See id. It bears repeating that the plaintiff must present evidence, rather than speculation and conclusions without factual support. See Rand v. CF Industries, Inc., 42 F.3d 1139, 1146-47 (7th Cir. 1994).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the party opposing summary judgment. See Fed. R. Civ. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir.1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l. Bank of Arizona v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). With these principles in mind, the court now reviews the Committee's denial of Plaintiffs' severance benefits and their reasoning behind it.

## B. Review of the Committee's Determination

Plaintiffs previously sought review of Ameritech's denial of severance benefits from the Committee. The Committee affirmed Ameritech's decision to deny Plaintiffs their severance benefits. The court must now determine what weight to give the Committee's ruling.

The Seventh Circuit has explained that "the Supreme Court, in <u>Firestone Tire and Rubber Co. v. Bruch</u>, 489 U.S. 101, 103 L. Ed. 2d 80, 109 S. Ct. 948 (1989), established that, in interpreting benefits under an ERISA plan, a de novo standard of review is appropriate unless the plan documents give 'the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" <u>Ross v. Indiana State Teacher's Ass'n Ins. Trust</u>, 159 F.3d 1001, 1008 (7th Cir. 1998); <u>Cozzie v. Metropolitan Life Ins. Co.</u>, 140 F.3d 1104, 1107 (7th Cir. 1998) (quoting <u>Firestone Tire</u>, 489 U.S. at 115). Since the Plan authorizes, and neither party disputes, that the plan administrator may use its discretion in making claim determinations, the court's role is the limited one of determining whether Ameritech abused its discretion-- acted unreasonably--or, as the cases say exercised its discretion in an "arbitrary and capricious" manner. <u>Ladd v. ITT Corp.</u>, 148 F.3d 753, 754 (7th Cir. 1998); <u>Hightshue v. AIG Life Ins. Co.</u>, 135 F.3d 1144, 1147 (7th Cir. 1998); <u>Brehmer v. Inland Steel Industries Pension Plan</u>, 114 F.3d 656, 660 (7th Cir. 1997); <u>Paramore v. Delta Air Lines, Inc.</u>, 129 F.3d 1446, 1450-51 (11th Cir. 1997).

"Under the arbitrary and capricious standard, it is not [the court's] function to decide whether [it] would reach the same conclusion as the [Committee] or even rely on the same authority." <u>Mers v. Marriott Int'l Group Accidental Death and Dismemberment Plan</u>, 144 F.3d 1014, 1021 (7th Cir. 1998); <u>see also</u> <u>Cvelbar v. CBI Ill. Inc</u>, 106 F.3d 1368, 1379 (7th Cir. 1997). "[The court's] role is to determine whether the decision was completely unreasonable." <u>Mers</u>, 144 F.3d at 1021; <u>see also</u>

5

Chojnacki v. Georgia-Pacific Corp., 108 F.3d 810, 816 (7th Cir. 1997); Van Boxel v. Journal Co. Employees' Pension Trust, 836 F.2d 1048, 1053 (7th Cir. 1987). A denial of benefits will not be set aside if it was based on a "reasonable interpretation of the plan documents." Mers, 144 F.3d at 1021; see also Loyola Univ. v. Humana Ins. Co., 996 F.2d 895, 898 (7th Cir. 1993). In determining whether an abuse of discretion has occurred, the court must determine not whether the administrator's decision is correct or whether the court would have answered the question differently, but instead whether the interpretation of the plan is unreasonable. See Ross v. Indiana State Teacher's Association, 159 F.3d 1001, 1009 (7th Cir. 1998); Mers, 144 F.3d at 1021. The question, therefore, before the court is whether the Committee's determination to deny Plaintiffs' claim for severance benefits was unreasonable.

The Committee based its determination primarily on the terms of the plan and their application to the facts. When plan terms are ambiguous, court's construe them strictly in favor of the plan participants. McNeilly v. Bankers United Life Assur. Co., 999 F.2d 1199, 1201 (7th Cir. 1993) (citing Phillips v. Lincoln Nat. Life Ins. Co., 978 F.2d 302, 307 (7th Cir. 1992)). "A term is [only] ambiguous if it is subject to reasonable alternative interpretations." Bechtold v. Physicians Health Plan, 19 F.3d 322, 325 (7th Cir. 1994) (citing Hickey v. A.E. Staley Mfg., 995 F.2d 1385, 1389 (7th Cir. 1993)). "[W]here the provisions of a [severance] plan are clear and unambiguous they will be strictly construed; the court may not rewrite the terms of the plan." Kolentus v. Avco Corp., 798 F.2d 949, 956 (7th Cir. 1986); Alt v. Long Island Railroad Company, 81 Misc. 2d 99, 365 N.Y.S.2d 480, 484 (Sup. Ct. 1975), aff'd, 54 A.D.2d 724, 387 N.Y.S.2d 610 (1976); see also Associated Industries, Etc. v. Murray, 80 A.D.2d 648, 436 N.Y.S.2d 106, 108 (1981).

In this particular instance the terms of the Plan are clear and unambiguous. The pertinent part of the Plan states:

> ". . . . any employee who is offered and declines a position at the same salary grade or its equivalent which does not require relocation with any other affiliated, parent or Ameritech entity or any other company that participates in the same pension plan or plans as this Company or with respect to which the Company has an interchange agreement under which the Participant is covered at the time of reemployement ("Affiliated Company") will not be considered eligible to participate in the Plan and will not be considered as having been terminated from employment under the Plan"

(Def.'s L.R. 56.1(a) Statement, Ex. L p. 2-4.)

It is clear that an employee who is offered a position at the same pay level without having to relocate and declines that position is not eligible for severance benefits. Each Plaintiff was offered a position as either a PSC or a CSC and each Plaintiff declined those positions. When reviewing Plaintiffs' claims the Committee reviewed excerpts from the Plan, reviewed the "Tier E Q&A" document, and verified that Plaintiffs were in fact offered positions with Ameritech at the same pay level without having to relocate. Based on this information and the clear and unambiguous language in the Plan, the Committee found that the denial of severance benefits was appropriate. The Committee looked at the terms of the Plan and construed them against Plaintiffs situation. The court finds nothing unreasonable about the Committee's decision to deny Plaintiffs their benefits. The Committee based its decision on the clear and unambiguous language of the Plan, and the uncontested fact that Plaintiffs refused the lateral positions Ameritech offered.

Plaintiffs raise two arguments in response to the uncontroverted facts. First, Plaintiffs argue that they never received the Plan in accordance with 29 U.S.C. §§ 1022, 1024(b)(1). Plaintiffs were given the "Tier E Q&A" document outlining the pertinent parts of the plan, a toll free number to contact if they had any questions pertaining to the Plan, and had access to the Plan via the internet. Based on the several different forms of the Plan that Plaintiffs had access to, the court finds that Ameritech is in accordance with 29 U.S.C. §§ 1022, 1024(b)(1) and Plaintiffs' assertion fails.

7

Second, Plaintiffs assert that the positions of PCS and CSC were not lateral transfers as suggested by Ameritech. Plaintiffs claim that prior to the reorganization the PCS and CSC positions were at a pay level of 6, lower than what Plaintiffs were being paid. It was only through the reorganization that the pay level for PCS and CSC was brought up to a pay level of 8. Plaintiffs' second argument also fails. The Committee looked at the terms of the Plan. Plaintiffs were being paid a pay level of 8 and were offered a position at a pay level of 8, which they refused. Based on the clear and unambiguous language of the Plan, the Committee denied Plaintiffs' appeal for severance benefits. The Committee found that it had "no discretion to vary the terms of the [Plan] and would be in violation of federal law (ERISA) and the Committee's federally-imposed fiduciary obligations should it do so." (Def.'s L.R. 56.1(a) Statement, Ex. S. p. 4.) The Committee's belief that the offered positions were lateral positions was not unreasonable. The Committee's rulings were not arbitrary and capricious and therefore will not be disturbed by this court.

### III. CONCLUSION

For the forgoing reasons Ameritech's Federal Rule of Civil Procedure 56 motion for summary judgment is granted. It is so ordered.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR., Judge

DATED: 2/27/02

8